**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4861**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEVANDER BERNARD JACOBS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (7:08-cr-00108-D-1)

_____

Submitted:  July 14, 2010          Decided:  July 29, 2010

_____

Before WILKINSON and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Mark A. Yurachek, THE LAW OFFICES OF MARK ALLEN YURACHEK, LLC, Atlanta, Georgia, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Levander Jacobs appeals his fifty-seven month sentence following his guilty plea to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). For the following reasons, we affirm.

On appeal, Jacobs first contends that the district court erroneously calculated the drug quantity attributable to him for sentencing purposes. The calculation of an amount of drugs to establish a base offense level is a factual determination we review for clear error. United States v. Kellam, 568 F.3d 125, 147 (4th Cir.), cert. denied, 130 S. Ct. 657 (2009). When the amount of drugs "seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1, cmt. n.12 (2008). Conversion of seized currency to drug amount for the purpose of setting an offense level is permissible. United States v. Hicks, 948 F.2d 877, 881-82 (4th Cir. 1991); USSG § 2D1.1, cmt. n.12.

Contrary to Jacobs' argument, the sentencing court acted within its discretion by converting currency found in Jacobs' possession upon his arrest into its drug equivalency. We have carefully reviewed the record and conclude that the Government satisfied its burden of demonstrating by a

2

preponderance of the evidence the connection between the money seized and Jacobs' drug-related activity. See United States v. Gonzalez-Sanchez, 953 F.2d 1184, 1187 (9th Cir. 1992). Thus, the district court did not err by converting the seized money into its drug equivalency for sentencing purposes under USSG § 2D1.1.

Jacobs also alleges that the district court's valuation of the powder cocaine was erroneous. However, because Jacobs' counsel acquiesced in the district court's valuation, Jacobs has waived any claim of error on this issue. See United States v. David, 83 F.3d 638, 641 n.5 (4th Cir. 1996). In any event, Jacobs fails to establish error, as he offered no persuasive evidence that the district court's valuation of crack cocaine was inaccurate.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED